UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRINIDAD MARTINEZ CRUZ,

    Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

    Respondent.

CASE NO. 2:21-cv-00855-JLR-JRC

REPORT AND RECOMMENDATION

NOTED FOR: November 19, 2021

    The District Court has referred this petition for a writ of habeas corpus to Chief United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A)–(B) and local Magistrate Judge Rules MJR3 and MJR4.

    In 2019, U.S. Immigration and Customs Enforcement ("ICE") charged petitioner, a citizen of Mexico, with being unlawfully present in the United States (*see* 8 U.S.C. § 1182(a)(6)(a)(i)). Petitioner is currently in the process of appealing the decision to remove him and is being held in custody while that appeal is ongoing, as authorized by 8 U.S.C. § 1226(a). In the meantime, petitioner challenges his ongoing detention and seeks an order for his

1   supervised release pending finality of his immigration proceedings or an order directing the
2   government to hold a bond hearing.  See Dkt. 1, at 2.  Respondent moves to have the petition
3   dismissed.  Dkt. 5.
4       The Court recommends that petitioner's request for release be denied.  However,
5   petitioner has been held for nearly two years since his bond hearing, at which the burden was on
6   petitioner to justify his release.  Therefore, the Court finds that procedural due process requires
7   allowing petitioner another bond hearing, with the burden on the government to justify continued
8   detention by clear and convincing evidence.  Accordingly, the petition and the motion to dismiss
9   should each be granted in part and denied in part.

**BACKGROUND**

11      Petitioner first entered the United States in January 2005.  Dkt. 5-1, at 1.  He was then
12  unlawfully present within the United States.  Dkt. 5-1, at 1.  Following his arrest for battery of a
13  spouse/ex-spouse, he was voluntarily returned to Mexico on September 30, 2009.  Dkt. 5-1, at 1;
14  Dkt. 5-2, at 3.
15      Petitioner later returned to the United States.  Dkt. 5-1, at 1.  On December 11, 2019, an
16  Oregon court convicted petitioner of "Menacing–Constituting Domestic Violence" and
17  sentenced him to 24 months of probation.  Dkt. 1, at 9.  On December 18, 2019, ICE took
18  petitioner into custody and issued a notice to appear, charging petitioner with removal under 8
19  U.S.C. § 1182(a)(6)(A)(i) (presence in the United States without lawful admission or parole).
20  Dkt. 5-1, at 2.
21      Petitioner appeared at bond hearings on January 16, and January 30, 2020, where his
22  attorney withdrew the bond hearing requests.  Dkt. 5-1, at 2.  Petitioner appeared for a final bond
23  hearing on February 27, 2020, where the immigration judge concluded that petitioner was
24

statutorily eligible for bond but denied the bond on the basis that petitioner was a danger to the community and a flight risk. Dkt. 5-1, at 2; Dkt. 5-4, at 1. Petitioner did not administratively appeal that decision. Dkt. 5-1, at 2.

Petitioner applied for relief from removal, but on May 8, 2020, an immigration judge denied all applications for relief and ordered petitioner to be removed to Mexico. Dkt. 5-1, at 2. Petitioner reserved appeal. Dkt. 5-1, at 2.

On appeal, on November 18, 2020, the Board of Immigration Appeals affirmed the immigration judge's decision and dismissed the appeal. Dkt. 5-1, at 2; Dkt. 5-2, at 2. On December 17, 2020, petitioner filed a petition for review with the Ninth Circuit. Dkt. 5-1, at 2. Petitioner also requested a stay of removal, triggering an automatic, temporary stay of removal. Dkt. 5-1, at 2. A deportation officer states that "[i]f Petitioner's order of removal becomes final and the stay is lifted," the Government will "expeditiously" remove petitioner to Mexico. Dkt. 5-1, at 2.

Petitioner filed the pending petition for writ of habeas corpus under 28 U.S.C. § 2241 in June 2021, and respondent has filed the response and motion to dismiss. Dkt. 5. Petitioner has not filed a response to the answer, and the matter is ripe for review.

## DISCUSSION

### I. Overview of the Process for Detention Pending Removal

Petitioner is detained under 8 U.S.C. § 1226(a). That statute "gives the Attorney General a broad grant of discretionary authority to detain a noncitizen 'pending a decision on whether the noncitizen is to be removed from the United States.'" *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 945 (9th Cir. 2008) (quoting 8 U.S.C. § 1226(a)).

Section 1226(a) generally grants the Department of Homeland Security ("DHS") the discretion whether to continue detention or release a non-citizen on bond or conditional parole. *See also Hernandez v. Ashcroft*, 345 F.3d 824, 828 n.2 (9th Cir. 2003) (explaining that the DHS handles the prosecutorial component of immigration proceedings but that the Department of Justice handles administering immigration courts and the Board of Immigration Appeals). This is in contrast to section 1226(c), which mandates detention for noncitizens who have committed certain offenses.

Federal regulations provide for bond hearings at the outset of the detention of a non-citizen detained under § 1226(a). *Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018). The DHS may release a non-citizen detained under § 1226(a) if the non-citizen demonstrates "to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the non-citizen "is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). A noncitizen may also ask for a bond redetermination—a hearing before an immigration judge at which the burden is on the noncitizen. *See* 8 C.F.R. 236.1(d)(1) (providing for bond redetermination hearings).

An adverse decision at a bond redetermination hearing is subject to appeal to the Board of Immigration Appeals. *See* 8 U.S.C. § 236.1(d)(3)(i); *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). A noncitizen may challenge an adverse determination by filing a petition for writ of habeas corpus in federal district court. *Leonardo*, 646 F.3d at 1160. Upon a showing of a material change in circumstances, a noncitizen may also make a written request for another bond redetermination hearing. 8 C.F.R. § 1003.19(e).

///

## II. Analysis

Here, petitioner had a bond hearing on February 27, 2020, at which the immigration judge denied bond and concluded that petitioner was a danger to the community and a flight risk. Dkt. 5-1, at 2. The burden was on petitioner to show that his release was justified. *See, e.g.*, *Khan v. ICE Field Officer Dir.*, No. 220CV01548RSMBAT, 2021 WL 247874, at *2 (W.D. Wash. Jan. 4, 2021) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)), *report and recommendation adopted*, No. 220CV01548RSMBAT, 2021 WL 243344 (W.D. Wash. Jan. 25, 2021).

Petitioner seeks release. Dkt. 1, at 6. However, the government retains the authority to detain noncitizens held under § 1226(a) while their cases are stayed pending appeal to the Ninth Circuit because they face a significant likelihood of removal once the judicial and administrative review process is complete. *Casas-Castrillon*, 535 F.3d at 948.

The petition also cites *Zadvydas v. Davis*, 533 U.S. 678 (2001), apparently arguing that petitioner must be released because he has been detained for more than six months. But that case is not applicable here, as it involves noncitizens detained under 8 U.S.C. § 1231. Moreover, petitioner has not shown that if his removal order is affirmed, ICE will be unable to remove him. Therefore, petitioner is not is not entitled to an automatic order of release. *Accord Viramontes-Gomez v. Nielsen*, No. C18-935-JLR-JPD, 2018 WL 6111015, at *4 (W.D. Wash. Oct. 18, 2018), *report and recommendation adopted*, No. C18-935-JLR, 2018 WL 6107293 (W.D. Wash. Nov. 21, 2018).

The Court turns to whether petitioner should be granted another bond hearing under due process principles. Until recently, Ninth Circuit jurisprudence required noncitizens detained under § 1226(a) to be provided automatic bond hearings every six months, at which the

government was required to justify continued detention by clear and convincing evidence. *Rodriguez v. Robbins*, 804 F.3d 1060, 1084–85, 1087 (9th Cir. 2015), *rev'd sub nom Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).  The Supreme Court reversed, explaining that "[n]othing in § 1226(a)'s text . . . even remotely supports the imposition of" periodic bond hearings where the government bears the burden. *Jennings*, 138 S. Ct. at 847.  The Supreme Court did not decide whether the Constitution—that is, the Due Process clause—requires such periodic hearings and remanded to the Ninth Circuit for consideration of that question.

Now, to decide whether due process requires another hearing for a noncitizen detained under § 1226(a), the Court applies the three-part test set out in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976); *see, e.g.*, *Cristobal v. Asher*, No. C20-1493-RSM-BAT, 2020 WL 8678097, at *4 (W.D. Wash. Dec. 14, 2020), *report and recommendation adopted*, No. C20-1493-RSM-BAT, 2021 WL 796597 (W.D. Wash. Mar. 2, 2021), *appeal dismissed*, No. 21-35169, 2021 WL 2254814 (9th Cir. Mar. 23, 2021).  The Court considers (1) the private interest affected, (2) the government's interest, and (3) the value added by alternative procedural safeguards to what has already been provided in the particular situation before the court.  *Id.* at 334–35.

Regarding (1) the private interest affected, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [due process] protects." *Zadvydas*, 533 U.S. at 690.  Petitioner has been held for 22 months total, 20 of which have elapsed since his bond hearing in February 2020.  This is a significant length of time, and this factor weighs heavily in petitioner's favor. *Accord Ibarra-Garcia*, 2020 WL 7264872, at *4.

Regarding (2), the government's interest, the government also has a legitimate interest in assuring that petitioner will appear if ultimately ordered removed and in protecting the public.

*See Soto v. Sessions*, No. 18-2891, 2018 WL 3619727, at *4 (N.D. Cal. July 30, 2018) (citing 8 C.F.R. § 236.1(c)(8) (allowing release from detention if noncitizen "is likely to appear for any further proceeding" and "would not pose a danger to property or persons")); *Zadvydas*, 533 U.S. at 690–91. Here, the record reflects only one conviction, for a misdemeanor in 2019. Moreover, the undersigned agrees with at least one other judge in this District that the government's interest is not petitioner's continued detention but whether the government can detain petitioner without a bond hearing. *See Ibarra-Garcia*, 2020 WL 7264872, at *4 ("Given 'the minimal cost of conducting a bond hearing, and the ability of the [immigration judge] to adjudicate the ultimate legal issue as to whether Petitioner's continued detention is justified,' courts have concluded that 'the government's interest is not as weighty as Petitioner's.'" (Internal citation omitted.)). The Court agrees that the government has legitimate interests, but those interests do not weigh as heavily as petitioner's.

Regarding (3), the value added by alternative procedural safeguards, petitioner has been held for a significant amount of time and nearly two years have passed since his bond hearing, at which the burden was on petitioner to show that he was eligible for release. But in *Singh v. Holder*, the Ninth Circuit held that the government—not the noncitizen—must justify prolonged detention by clear and convincing evidence. 638 F.3d 1196, 1208 (9th Cir. 2011); *see also Calderon-Rodriguez v. Wilcox*, No. 18-1373, 2019 WL 487709, at *6 (W.D. Wash. Jan. 9, 2019) ("To detain a noncitizen for a prolonged period of time while removal proceedings are pending, due process requires the government to show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community at the time of the bond hearing."), *report and recommendation adopted*, 374 F. Supp. 3d 1024 (W.D. Wash. 2019) (citing *Singh*, 638 F.3d at 1208); *Ibarra-Garcia v. U.S. ICE*, C20-740-RAJ-MJP, 2020 WL 7260534 (W.D. Wash. Dec. 10,

2020) (adopting report and recommendation and ordering *Singh* hearing over government's objections). Therefore, the Court finds that this factor, too, weighs in petitioner's favor.

The government argues that it has a significant interest in the orderly process of removal proceedings, so that petitioner should be required to request an additional hearing from the government before bringing his habeas petition. However, as noted above, petitioner is entitled to a hearing at which the burden is on the government, not on him. As the government recognizes, relevant regulations place the burden on petitioner, not the government, no matter how long the noncitizen is detained. *See* Dkt. 5, at 11 (citing authorities). The government's arguments that petitioner should be required to, for instance, request an additional bond hearing based on a change of circumstances are not convincing reasons to deny the request for a bond hearing with the burden on the government.

Therefore, the Court recommends granting petitioner a bond hearing that complies with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011).

## CONCLUSION

The Court recommends that both respondent's motion to dismiss (dkt. 5) and petitioner's habeas petition (dkt. 1) be GRANTED in part and DENIED in part. Specifically, the Court recommends denying petitioner's request for release but ordering respondent to provide petitioner with a bond hearing that comports with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011) within 30 days of the order on this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on **November 19, 2021.**

Dated this 4th day of November, 2021.

J. Richard Creatura
Chief United States Magistrate Judge