UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRINIDAD MARTINEZ CRUZ,<br><br>               Petitioner,<br><br>   v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>               Respondent. | CASE NO. C21-0855JLR<br><br>ORDER |

Before the court are: (1) the report and recommendation of Magistrate Judge J. Richard Creatura (R&R (Dkt. # 6)) and Respondent Immigration and Customs Enforcement ("ICE") Field Office Director's ("the Government") objections thereto (Obj. (Dkt. # 7)); and (2) the Government's motion to dismiss (Resp. & MTD (Dkt. # 5)). Having carefully reviewed all of the foregoing, along with all other relevant documents, and the governing law, the court DECLINES to adopt the report and recommendation due to the changed circumstances; DENIES *pro se* Petitioner Trinidad Martinez Cruz's 28

//

ORDER - 1

U.S.C. § 2241 petition as moot; and DENIES the Government's motion to dismiss as moot.

In December 2019, ICE charged Mr. Cruz, a citizen of Mexico, with being unlawfully present in the United States and took him into custody. (*See* R&R at 1-2.) Although Mr. Cruz applied for relief from removal, an Immigration Judge denied all of his applications for relief and ordered him removed to Mexico. (*See* Annett Decl. (Dkt. # 5-1) ¶ 9; Pet. (Dkt. # 1) at 11 ("Order of Removal").) Mr. Cruz appealed the Immigration Judge's decision to the Board of Immigration Appeals, who affirmed the Immigration Judge and dismissed the appeal. (*See* Annett Decl. ¶ 10.) He then filed a petition for review of the Immigration Judge's decision with the Ninth Circuit Court of Appeals, as well as a motion for a stay of removal. (*See* Annett Decl. ¶ 11); *see also* Petition for Review and Motion to Stay, *Cruz v. Garland*, No. 20-73697 (9th Cir. Dec. 17, 2020), ECF No. 1. Mr. Cruz's appeal triggered an automatic, temporary stay of removal and he remained in detention while that appeal was ongoing pursuant to 8 U.S.C. § 1226(a). (*See* R&R at 2-4; Annett Decl. ¶¶ 11-12 (stating that "[i]f Petitioner's order of removal becomes final and the stay is lifted, [the Government] will expeditiously remove Petitioner to Mexico").)

While Mr. Cruz's Ninth Circuit appeal was pending, he petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from immigration detention or a bond hearing. (*See* Pet. at 2.) The Government responded to Mr. Cruz's petition and moved to have his petition dismissed, arguing that his detention is lawful pursuant to 8 C.F.R. § 236 and 8 U.S.C. § 1226(a) and did not violate due process. (*See*

Resp. & MTD at 1-2, 7-11.) Magistrate Judge Creatura recommended that the court grant in part and deny in part Mr. Cruz's 28 U.S.C. § 2241 petition (Pet. (Dkt. # 1)) and the Government's motion to dismiss. (*See* R&R at 2.) Specifically, he recommended that the court deny Mr. Cruz's request for release, but grant Mr. Cruz's request for a bond hearing because procedural due process requires allowing him a bond hearing that comports with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). (*See id.* at 2.[1]) The Government objected to Magistrate Judge Creatura's recommendation that Mr. Cruz be afforded an additional bond hearing because it had recently learned that Mr. Cruz had already received an additional bond hearing that comported with the procedural requirements of *Singh*. (*See generally* Obj., Ex. A (Dkt. # 5-2) ("September 8, 2021 Bond Order").)

After Magistrate Judge Creatura issued his report, however, the Ninth Circuit ruled on Mr. Cruz's petition for review. *See* Order, *Cruz*, No. 20-73697 (9th Cir. Sept. 17, 2021), ECF No. 15; Mandate, *Cruz*, No. 20-73697 (9th Cir. Nov. 26, 2021), ECF No. 19. It denied both his petition and his motion for a stay of removal. *See* Order, *Cruz*, No. 20-73697 (9th Cir. Sept. 17, 2021), ECF No. 15. Because the Ninth Circuit has denied the stay of removal and issued its mandate, Mr. Cruz's detention is now governed not by 8 U.S.C. § 1226(c), but by the mandatory 90-day detention set forth in 8 U.S.C. § 1231(a)(2). *See* 8 U.S.C. § 1231(a)(1)(b) (noting that "[i]f the removal order is

---

[1] At the time Magistrate Judge Creatura issued his report and recommendation, he was only aware that Mr. Cruz had been afforded one bond hearing in February 2020. (*See* R&R at 2-3 (citing Annett Decl. ¶¶ 5-8; Custody Order of the Immigration Judge (Dkt. # 5-4)).)

judicially reviewed and if a court orders a stay of the removal of the alien, the [removal period begins on the] date of the court's final order"); *Muhamd v. ICE Field Off. Dir.*, No. C20-0605RAJ, 2020 WL 6318686, at *1 (W.D. Wash. Oct. 28, 2020). Section 1231(a)(2) mandates that, "[d]uring the [90-day] removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2); *see also Khotesouvan v. Morones*, 386 F.3d 1298, 1299–300 (9th Cir. 2004). ("Congress has mandated the detention of an alien ordered removed for 90 days. . . ."); *Arango Marquez v. I.N.S.*, 346 F.3d 892, 898 (9th Cir. 2003) ("Detention during the removal period is mandatory." (citing 8 U.S.C. § 1231(a)(2)). Moreover, Mr. Cruz's current detention under section 1231(a)(2) is certainly constitutional. *See Khotesouvan*, 386 F.3d at 1301 (concluding that the 90-day period of mandatory detention under § 1231(a)(2) "passes constitutional scrutiny").

Thus, Mr. Cruz's habeas petition—which solely addresses § 1226(c) and § 1226(a)—is now moot. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12. "A federal court lacks [subject-matter] jurisdiction to hear a case that is moot"—that is, where no live controversy exists, and the plaintiff can no longer obtain relief for his claim. *Bishop Paiute Tribe v. Inyo Cty.*, 863 F.3d 1144, 1155 (9th Cir. 2017). Because Mr. Cruz's petition is now moot, the court no longer has subject-matter jurisdiction and must dismiss this action *sua sponte*.

For the reasons stated above, the court:

(1) DECLINES to adopt the report and recommendation (Dkt. # 6) in light of the changed circumstances;

(2) DENIES as moot Mr. Cruz's 28 U.S.C. § 2241 petition (Dkt. # 1);

(3) DENIES as moot the Government's motion to dismiss (Dkt. # 5);

(4) DISMISSES this case without prejudice; and

(5) DIRECTS the Clerk to send copies of this order to the parties and to Magistrate Judge Creatura.

Dated this 3rd day of December, 2021.

*[signature]*

JAMES L. ROBART
United States District Judge